**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| **v.** | **:** | **CRIMINAL ACTION FILE NO.** |
| | **:** | **1:14-CR-384-MHC-AJB** |
| **AARON KUBARYK,** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |

**UNITED STATES MAGISTRATE JUDGE'S**
**FINAL REPORT AND RECOMMENDATION**

Before the Court is Defendant Aaron Kubaryk's motion to suppress evidence. [Doc. 15].[1] The Court held an evidentiary hearing, [Doc. 27], and the parties filed both pre- and post-hearing briefs, [Docs. 18, 19, 29, 31]. For the following reasons, the undersigned **RECOMMENDS** that the motion be **DENIED**.

## I.    *Facts*

GBI Special Agent Sara Thomas applied for and received a search warrant from a Fulton County Superior Court Judge on January 21, 2014, authorizing the search of 36 West Ferry Drive NE, Atlanta, Georgia, for child pornography. [Doc. 15-1]. The entire portion of the supporting affidavit relating to probable cause is as follows:

---

[1]    Defendant initially moved to suppress statements, but at the evidentiary hearing, he did not contest the voluntariness of his statements and withdrew his motion as to the statements. [Doc. 27 (hereinafter "T") at 3-4].

AO 72A
(Rev.8/8
2)

On Friday, January 17, 2014, at approximately 1:00 p.m., your Affiant was located in DeKalb County, Georgia, for the purpose of meeting with Detective Jennifer Miller.  Detective Miller requested assistance from the GBI's Child Exploitation and Computer Crimes Unit in reference to an ongoing child pornography investigation.

Detective Miller informed your Affiant that she initiated an investigation on the ARES network.  The ARES network is a peer to peer network used to exchange files between computers.  The ARES network, like other peer to peer file sharing programs, uses file hashing to uniquely identify files on the network and users are able to locate files using keyword or name searches.

On Thursday, January 16, 2014, Detective Miller was conducting investigations related to the sharing of child pornography.  At that time, Detective Miller identified a computer with the IP address 24.99.135.14, containing 62 files of investigative interest.  The ARES network nickname associated with the IP address was "ak-74@Ares," and the version of 2.2.6.3050.  On this date, Detective MILLER successfully downloaded one (1) image and one (1) movie file of confirmed child pornography.

On the same date, Detective Miller submitted a subpoena to Comcast Cable Company for the subscriber information related to IP address 24.99.135.14.  The subscriber information associated with the IP address is Marvin Weintraub of 36 West Ferry Drive NE in Atlanta, Fulton County, Georgia 30319.  Detective Miller requested assistance from your Affiant with the investigation because the subject and residence was located outside of DeKalb County Police Department's jurisdiction.

On Monday, January 21, 2014, Your Affiant obtained intelligence related to the above residence from the GBI's Intelligence Unit.  The search revealed that there are two current individuals associated with the above address.  The individuals were identified as Aaron D. Kubaryk (age 24) and Marvin Weintraub (age 84).

AO 72A
(Rev.8/8
2)

On the same date, your Affiant conducted an online social media search for the user name "ak-74" and located several profiles for Aaron D. Kubaryk.

On Tuesday, January 22, 2014, Your Affiant conducted surveillance on the residence and confirmed that [there] were no open or unsecure wireless networks available in that area or proximity of the residence related to this search warrant.

[*Id.* at 3-4; *see also* Govt. Ex. 1].

At the evidentiary hearing in this Court, Thomas testified that she had been with the GBI for almost eight years, T8, and had been in the Human Trafficking/Child Exploitation Unit since July 2011. *Id.*[2] She went on to testify that after preparing the above-quoted affidavit in support of the search-warrant application, she appeared before the issuing judge. The judge placed her under oath and read the affidavit. T11, 18, 19, 22. The judge then asked her if she had personally reviewed the child pornography in this case, and she responded that she had. T11, 18, 19, 23. She also

_____

[2] In her affidavit, Thomas related that she had been a GBI agent for approximately six and one-half years; that she was currently assigned to the GBI's Child Exploitation and Computer Crimes Unit and had participated in the writing and execution of at least fifty search warrants; that she had over 1000 hours of Peace Officer Standards and Training hours in various areas of criminal investigations; and that she attended formal investigative training with respect to Criminal Investigations and Interviews and Interrogation, as well as courses regarding specialized training with computers and computer investigations, including cybercrime investigations, undercover investigations, crimes-against-children training, and child-exploitation training. [Doc. 15-1 at 6].

3

told him the name of the image file ("Ten-Year-Old Sucks Big Dick") and told him that the movie file had a hash value[3] indicating that it depicted known victims in child pornography cases, and in response to the judge's questioning, she also stated that the material she viewed in the file image matched the name of the file.  T10-11, 31-32. Also in response to the judge's question, she stated that both files depicted young girls. T10, 24.  The proceedings before the judge were not recorded or otherwise transcribed. T12-13.

Thomas testified before the undersigned that at the time of the application, it was not the GBI's practice to include in search warrant affidavits the details of the images, although that policy has since been revised.  T14.  She further testified that she personally reviewed the still and video images and that the image was of a prepubescent female performing oral sex on an adult male, and the video was of a prepubescent female's genitals, although she was unable to recall whether she told that information to the issuing judge.  T15, 25, 26.

During the execution of the warrant, numerous items were seized, including, but not limited to, a Toshiba Satellite A505 Laptop bearing serial #1A379629Q, a Dell

---

[3]        At the evidentiary hearing, Special Agent Thomas explained that a "hash value" or "hashing value" is a "digital fingerprint for a specific video or image."  T11.

4

Inspiron 8600 Laptop bearing serial #492J251, and an Imicro Sata 2.5 external hard drive.  [Doc. 15 at 1].

## II.      *Arguments of the Parties*

In his motion, Kubaryk claimed that the warrant was not supported by probable cause, the executing officers exceeded the scope of the warrant's authorization, and the warrant itself was overly broad.  [Doc. 15 at 2].  In a supplemental filing, he argued that neither the affidavit nor the testimony before the issuing judge established probable cause, and he further contended that there either had to be a detailed factual description of the offending material or the judge had to view the files before being able to lawfully issue the warrant.  [Doc. 19 at 1-2].  He also argued that the warrant was not saved by the good-faith exception.  [*Id.* at 5-7].

In its post-hearing brief, the government argued that the Court could consider Special Agent Thomas's testimony before the issuing judge, which did not need to be recorded, along with the contents of the written affidavit.  [Doc. 29 at 9-10].  It then argued that the issuing judge did not need to personally review the materials and that the affidavit and the oral testimony established probable cause to issue the warrant because the issuing judge was informed that the affiant viewed the materials and the materials matched the name of the file.  [*Id.* at 10-11].  The government also argued that

AO 72A
(Rev.8/8
2)

the Court and the issuing judge could consider the affiant's experience in concluding that the materials viewed were child pornography. [*Id.* at 12-17]. It also reiterated that the warrant's fruits are saved from suppression by the good-faith exception. [*Id.* at 17-21].

In a reply brief, Kubaryk argued that the fact that there was a hash value assigned to the video image is irrelevant because Thomas could not recall whether she provided the issuing judge with information concerning the relationship between hash values and child pornography, [Doc. 31 at 1-2 (citing T10-11)], and that even if the image's content matched the file's name, that is not sufficient to establish probable cause, [*id.*].

## III.  *Applicable Law*

The Fourth Amendment provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. amend. IV.

Probable cause to support a search warrant exists when the totality of the circumstances allows a conclusion that there is a fair probability of finding contraband or evidence at a particular location. *See United States v. Noriega*, 676 F.3d 1252, 1261

(11th Cir. 2012); *United States v. Kapordelis*, 569 F.3d 1291, 1310 (11th Cir. 2009) *United States v. Gonzalez*, 940 F.2d 1413, 1419 (11th Cir. 1991). "[P]robable cause is a fluid concept—turning on the assessment of probabilities in particular factual contexts[.]" *Illinois v. Gates*, 462 U.S. 213, 232 (1983); *United States v. Brundidge*, 170 F.3d 1350, 1352 (11th Cir. 1999). "[P]robable cause deals 'with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act.' " *Gates*, 462 U.S. at 241 (quoting *Brinegar v. United States*, 338 U.S. 160, 175 (1949)). The task of the issuing magistrate judge in determining whether to issue a warrant "is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Gates*, 462 U.S. at 232; *United States v. Jiminez*, 224 F.3d 1243, 1248 (11th Cir. 2000); *see also United States v. Somers*, 591 Fed. Appx. 753, 756 (11th Cir. Nov. 14, 2014).

Thus, the determination of probable cause based on an affidavit "does not lend itself to a prescribed set of rules," but instead uses a "flexible, common-sense standard." *Gates*, 462 U.S. at 240; *see also United States v. McCraven*,

7

401 F.3d 693, 697 (6ᵗʰ Cir. 2005) (noting that "while an affidavit must state facts supporting an independent judicial determination that the informant is reliable, those facts need not take any particular form"). The "probable cause" standard requires the government to produce much less evidence than it must present to sustain its burden of proof at trial. *United States v. Joseph*, 709 F.3d 1082, 1100 (11ᵗʰ Cir. 2013) (citing *United States v. Middleton*, 599 F.2d 1349, 1356 (5ᵗʰ Cir. 1979)[4]). An affiant is allowed to summarize objective evidence from an investigation, *Jiminez*, 224 F.3d at 1249 (finding that "objective presentation of the information gained by the investigating officers" was not conclusory); however, conclusory statements in a search-warrant affidavit that do not have sufficient factual support will not support a probable-cause finding. *Gates*, 462 U.S. at 239 ("Sufficient information must be presented to the magistrate to allow that official to determine probable cause; his action cannot be a mere ratification of the bare conclusions of others. In order to ensure that such an abdication of the magistrate's duty does not occur, courts must continue to conscientiously review the sufficiency of affidavits on which warrants are issued."). An "issuing judge[] should not substitute the police officer's assessment of the facts for

---

[4]     In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11ᵗʰ Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

AO 72A
(Rev.8/8
2)

the judge's own independent analysis of the situation . . . and [should] make his [or her] own independent assessment as to whether the warrant and its underlying affidavit contain a sufficient amount of information to support a finding of probable cause." *United States v. Martin*, 297 F.3d 1308, 1317 (11th Cir. 2002).  At the same time, "opinions and conclusions of an experienced agent regarding a set of facts are properly a factor in the probable cause equation for issuing a search warrant."  *United States v. Robinson*, 62 F.3d 1325, 1331 n.9 (11th Cir. 1995) (citations omitted) (punctuation and quotation marks altered).

A warrant affidavit may be based on hearsay information, so long as the issuing judge was informed of (1) the underlying circumstances that the informant relied on to conclude that some criminal activity was taking, or had taken, place, and (2) some facts that established the probable credibility of the informant or the reliability of his or her information.  *United States v. Hill*, 338 Fed. Appx. 855, 857-58 (11th Cir. July 23, 2009) (citing *United States v. Martin*, 615 F.2d 318, 323 (5th Cir. 1980)); *see also McCray v. Illinois*, 386 U.S. 300, 311 (1967); *United States v. Reed*, 700 F.2d 638, 641-42 (11th Cir. 1983) ("It has long been held that statements by law enforcement officials based . . . upon the observation of fellow officials participating in the same investigation are entitled to a presumption of reliability.").

9

"The Fourth Amendment does not require that the basis for probable cause be established in a written affidavit; it merely requires that the information provided the issuing magistrate be supported by 'Oath or affirmation.' " *United States v. Donaldson*, 558 Fed. Appx. 962, 967 n.3 (11th Cir.  Mar. 12, 2014) (quoting *United States v. Clyburn*, 24 F.3d 613, 617 (4th Cir. 1994) (quoting U.S. Const. amend. IV)), *cert. denied* 135 S. Ct. 1451 (2015) (internal quotation marks deleted); *see also Hunter v. Schoeppner*, 559 Fed. Appx. 893, 895 (11th Cir. Mar. 19, 2014) (same).  Similarly, " '[t]he Fourth Amendment . . . does not require that statements made under oath in support of probable cause be tape-recorded or otherwise placed on the record or made part of the affidavit.' " *Donaldson*, *id.* (quoting *Clyburn*, *id.*); *see also United States v. Shields*, 978 F.2d 943, 946 (6th Cir. 1992). Therefore, " 'a federal court . . . may consider an affiant's oral testimony, extrinsic to the written affidavit, which is sworn before the issuing magistrate, in determining whether the warrant was founded on probable cause.' " *Donaldson*, *id.* (quoting *United States v. Hill*, 500 F.2d 315, 320 (5th Cir. 1974)); *accord Clyburn*, 24 F.3d at 617 ("[M]agistrates may consider sworn, unrecorded oral testimony in making probable cause determinations during warrant proceedings."); *Frazier v. Roberts*, 441 F.2d 1224, 1226 (8th Cir. 1971) ("It is clear that the Fourth Amendment permits the warrant-issuing magistrate to consider sworn oral

10

testimony supplementing a duly executed affidavit to determine whether there is probable cause upon which to issue a search warrant.").

The task of a reviewing court in examining a challenge to a search warrant is different from the task of the issuing judge. In analyzing whether a search warrant is supported by probable cause, a reviewing court does not conduct a *de novo* determination of probable cause, but only looks at whether there is substantial evidence in the record supporting the judge's decision to issue the warrant. *Massachusetts v. Upton*, 466 U.S. 727, 728 (1984); *United States v. Miller*, 24 F.3d 1357, 1363 (11th Cir. 1994) ("[R]eviewing courts lend substantial deference to an issuing magistrate's probable cause determinations."). When deciding whether a search warrant was supported by probable cause, the reviewing court must consider only that information brought to the attention of the issuing judge. *United States v. Lockett*, 674 F.2d 843, 845 (11th Cir. 1982); *see also United States v. Schulz*, 486 Fed. Appx. 838, 841 (11th Cir. Aug. 14, 2012). When affidavits are attached to a warrant, courts consider the affiants' statements as well as the search warrant. *See United States v. Martinelli*, 454 F.3d 1300, 1308 (11th Cir. 2006). In reviewing the probable-cause determination, supporting affidavits should not be interpreted in a hypertechnical manner; rather, a realistic and commonsense approach should be

11

employed so as to encourage recourse to the warrant process and to promote the high level of deference traditionally given to issuing judges in their probable-cause determinations. *See Gates*, 462 U.S. at 236-37 (citing *United States v. Ventresca*, 380 U.S. 102, 109 (1965)); *Miller*, 24 F.3d at 1361. When it is difficult to determine whether a search-warrant affidavit supports probable cause, "the resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants." *Upton*, 466 U.S. at 734 (quoting *Ventresca*, 380 U.S. at 109).

Search warrants, once issued, are presumed to be validly issued. *Franks v. Delaware*, 438 U.S. 154, 171 (1978). The burden of establishing that the warrant in this case was defective or executed improperly is upon the defendant. *See id.*; *United States v. Van Horn*, 789 F.2d 1492, 1500 (11th Cir. 1986); *United States v. Marx*, 635 F.2d 436, 441 (5th Cir. Unit B 1981)[5]; *United States v. Osborne*, 630 F.2d 374, 377 (5th Cir. 1980).

Finally, the Supreme Court has established a "good faith" exception to the exclusionary rule to prevent suppression of items found pursuant to a search warrant. Under *United States v. Leon*, 468 U.S. 897, 913 (1984), the "good faith" exception to

---

[5]    The Eleventh Circuit has adopted as binding all decisions issued by a Unit B panel of the former Fifth Circuit. *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33, 34 (11th Cir. 1982).

AO 72A
(Rev.8/8
2)

the rule requiring the suppression of evidence for violations of the Fourth Amendment keeps evidence from being suppressed when law-enforcement officers obtain evidence through objective good-faith reliance on a facially valid warrant that is later found to lack probable cause.  *See United States v. Gonzalez*,  969 F.2d 999, 1004 n.4 (11th Cir. 1992).  Nevertheless, "it is clear that in some circumstances the officer will have no reasonable grounds for believing that the warrant was properly issued." *Leon*, 468 U.S. at 922-23.  *Leon*'s good-faith exception does not apply to the following situations: (1) where the magistrate judge in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth[6]; (2) where the issuing magistrate judge wholly abandoned his judicial role[7]; (3) where the affidavit supporting the

---

[6]      *See Leon*, 468 U.S. at 923 (citing *Franks* in holding that the good faith exception to the exclusionary rule does not apply to execution of a warrant obtained by deliberate or reckless misstatements in a supporting affidavit).

[7]      As for *Leon*'s second exception, "courts must . . . insist that the magistrate purport to perform his neutral and detached function and not serve merely as a rubber stamp for the police" in determining whether a warrant contains sufficient probable cause.  *Leon*, 468 U.S. at 914.  As the Eleventh Circuit has observed, the Supreme Court has not been clear as to what sort of judicial behavior constitutes abandonment, other than where the issuing judge accompanied the officers on the warrant's execution (*Lo-Ji Sales, Inc. v. New York*, 442 U.S. 319 (1979)), while other courts have found abandonment where the judge issued the warrant without reading it, *United States v. Decker*, 956 F.2d 773, 777 (8th Cir.1992).  *See Martin*, 297 F.3d at 1316-17.  Above all

warrant is so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable[8]; and (4) where, depending upon the circumstances of the particular case, a warrant is so facially deficient—*i.e.,* in failing to particularize the place to be searched or the things to be seized—that the executing officers cannot reasonably presume it to be valid.[9]  *United States v. Robinson*, 336 F.3d 1293, 1296 (11th Cir. 2003); *Martin*, 297 F.3d at 1313.  When considering the applicability of the good-faith exception, the issue is not the magistrate judge's probable-cause determination, but rather whether the officers executing the warrant relied on that determination in good faith.  *United States v. Glinton*, 154 F.3d 1245, 1257 (11th Cir. 1998).  The officers' actions must be considered under the totality of the circumstances when determining whether the officers' reliance on the search warrant was objectively reasonable.  *Martin*, 297 F.3d at 1318.

───────────────

else, the issuing judge must not act as a mere "rubber stamp" by solely relying upon the fact that police officers are asking for the warrant.

[8]     Under *Leon*'s third exception, the affidavit must not be a "bare-bones" statement containing nothing more than conclusory allegations. *See Leon*, 468 U.S. at 915; *Glinton*, 154 F.3d at 1257.

[9]     For example, *Leon* was found inapplicable where the description of the items to be seized was the description of the residence to be searched as opposed to the stockpile of weapons described in the application. *Groh v. Ramirez*, 540 U.S. 551, 565 (2004).

14

## IV.    Discussion

The search warrant in this case was properly supported by probable cause.  The Court is not limited in its review to the four corners of the affidavit but may also consider the sworn oral testimony that Thomas gave to the issuing judge.  *Hill*, 500 F.2d at 320; *see also Donaldson*, 558 Fed. Appx. at 967 n.3.  The Court concludes that Thomas's testimony before the undersigned was credible as to the testimony that she provided to the issuing judge.  Her affidavit and Thomas's sworn testimony before the issuing judge established at a minimum that an IP address associated with Kubaryk at the suspect address had downloaded an image from the Ares peer-to-peer network and  that the image depicted a ten-year-old girl performing oral sex on an adult male.  While certainly it would have been advisable for Thomas to set forth in detail in the written affidavit specific facts describing the images depicted in the downloaded image and film clip, the facts that were presented to the issuing judge sufficiently satisfied the legal description of child pornography under Georgia or federal law.  *See* Ga. Code Ann. §§ 16-12-100(a), (b)(8) (making it unlawful to possess materials depicting a minor engaged in sexually explicit conduct, which includes oral-genital sexual intercourse); 18 U.S.C. § 2256(2)(A)(i), (2)(B)(i), (8) (same).  As a result, based on the written affidavit and Thomas's sworn testimony before the issuing judge, the warrant

15

AO 72A
(Rev.8/8
2)

was based on adequate probable cause and therefore was properly issued.

To the extent that Kubaryk argues that the issuing judge was required to view the materials downloaded by the agents from the Ares network before determining if they were in fact child pornography, there is no requirement in this Circuit that a judge reviewing a search warrant application must examine the images reflecting alleged child pornography. *See United States v. Smith*, 459 F.3d 1276, 1291 n.15 (11th Cir. 2006) ("While it may have been prudent for the magistrate judge to view the photos [of alleged child pornography] independently, we cannot say that, as a matter of law, the court must view the evidence to determine whether probable cause existed."). Instead, the constitutionally mandated role of issuing judges is to independently assess whether a given warrant application is supported by probable cause. *See New York v. P.J. Video, Inc.*, 475 U.S. 868, 874 n.5 (1986) (holding that a reasonably specific affidavit describing the content of a film generally provides an adequate basis for the magistrate judge to determine whether there is probable cause to believe that the film is obscene and whether a warrant authorizing its seizure should issue). The description of the conduct depicted in the image was sufficient to establish probable cause in this case.

Because the Court concludes that the warrant was adequately supported by

16

probable cause due to Thomas's sworn written and oral presentation to the issuing judge, the Court need not discuss whether the issuing judge also could have relied on Thomas's description of her training and experience in considering her conclusion that the files contained child pornography.  The Court also need not discuss the application of the *Leon* good-faith exception.  Further, although Kubaryk initially contended that the warrant was overly broad and the executing officers exceeded the scope of the warrant, he provided no details or explanation in support of his arguments. Accordingly, they are deemed waived or abandoned.  *Buttram v. Soc. Sec. Admin., Comm'r*, 594 Fed. Appx. 569, 572 (11th Cir. Nov. 26, 2014) (refusing to consider issue raised only in passing or in a way that eschews legal argument or authority); *see also Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) ("[A]n appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority."); *United States v. Thelisma*, --- Fed. Appx. ----, ----, No. 14-15306, 2015 WL 5204481, at *1 (11th Cir. Sept. 8, 2015) (same).

17

### V.    Conclusion

For all of the above reasons, the undersigned **RECOMMENDS** that the District Judge **DENY** Defendant Kubaryk's motion to suppress evidence, [Doc. 15].  All matters referred to the undersigned have now been ruled upon, and no impediments to setting a trial date have been advanced.  Accordingly, this case is **CERTIFIED READY FOR TRIAL**.

**IT IS SO RECOMMENDED AND CERTIFIED**, this the 28th day of September, 2015.

ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

18